# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | |
|---|---|
| WANDA MECHELLE HAYES, | |
| Plaintiff, | |
| v. | CIVIL ACTION FILE |
| COMMUNITY ACTION FOR IMPROVEMENT, *et al.*, | NO. 3:23-cv-209-TCB |
| Defendants. | |

## O R D E R

This case comes before the Court on Magistrate Judge Vineyard's Final Report and Recommendation ("R&R") [9], which recommends dismissing Plaintiff Wanda Mechelle Hayes's amended complaint for failure to state a plausible claim. No objections to the R&R have been filed.

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. Unit B 1982)). This review may take different forms,

however, depending on whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[1]

After conducting a complete and careful review of the R&R, the district judge may accept, reject or modify the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1)(C).

---

[1] *Macort* dealt only with the standard of review to be applied to a magistrate judge's factual findings, but the Supreme Court has held that there is no reason for the district court to apply a different standard to a magistrate judge's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when a magistrate judge's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a plain-error standard, but questions of law remain subject to de novo review).

The Court has conducted a careful and complete review of the R&R and finds no clear error in its factual or legal conclusions. Accordingly, the Court adopts as its Order the R&R [9].

On January 18, 2024, Magistrate Judge Vineyard granted Hayes's request to proceed *in forma pauperis* and ordered her to file an amended complaint to address various deficiencies. Hayes was on notice that failure to timely file the amended complaint pursuant to the Court's order would result in a recommendation that her action be dismissed.

On February 28, Hayes filed her amended complaint. However, it still suffers the same deficiencies as her original complaint and therefore must be dismissed as frivolous for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

For the foregoing reasons, Hayes's complaint is dismissed. The Clerk is directed to close this case.

IT IS SO ORDERED this 22nd day of April, 2024.

Timothy C. Batten, Sr.
Chief United States District Judge